```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**JACKSON DIVISION**

**PATSY G. TOLER**                                              **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 3:05cv167-WHB-JCS**

**LITTON LOAN SERVICING, LP, U.S. BANK
NATIONAL ASSOCIATION, CREDIT-BASED
ASSET SERVICING AND SECURITIZATION, LLC,
D/B/A C-BASS MORTGAGE, FINANCIAL ASSET
SECURITIES CORP., NATIONAL CITY HOME LOAN
SERVICES, INC., FORMERLY KNOWN AS ALTEGRA
CREDIT COMPANY, JOHN DOES 1-5, AND
JOHN DOE CORPORATIONS 1-5**                                    **DEFENDANTS**

<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion *In Limine* of Litton Loan Servicing LP (hereinafter "Litton") and Credit-Based Asset Servicing and Securitization, LLC (hereinafter "C-Bass"), which was filed with the Clerk of the Court on May 2, 2006, under docket entry no. 58.

In the Motion, Litton and C-Bass seek to preclude Plaintiff from introducing and/or making reference to six categories of evidence and/or legal arguments. Plaintiff has confessed the following four of the six arguments asserted in the Motion *In Limine*:

1) Plaintiff should be prohibited from appealing to regional prejudice in any attempts to characterize the Defendants as out-of-state corporations;

2) Plaintiff should be prohibited from offering expert testimony during the trial;

3) Plaintiff should be prohibited from offering evidence or testimony regarding any physical injuries resulting from emotional distress; and

4) Plaintiff should be prohibited from offering any medical records or bills during the trial.

Because Plaintiff opposes none of these four prayers for relief, the subject Motion is HEREBY GRANTED to the extent that evidence and/or arguments which fall under these four categories may not be presented or introduced at the trial of this cause.

The remaining two prayers for relief stated in the Motion *In Limine* are:

1) Plaintiff should be prohibited from offering any evidence or testimony that she allegedly did not know to whom her mortgage was assigned; and

2) Plaintiff should be prohibited from offering evidence or testimony regarding alleged violations of the Real Estate Settlement Procedures Act (hereinafter "RESPA") or any other statutory claim.

The Court finds that rulings on these two issues should be reserved for trial.  Accordingly, the subject Motion is HEREBY DENIED, WITHOUT PREJUDICE as to these two prayers for relief.[1]

SO ORDERED this the 15th day of May, 2006.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct

---

[1] As the Court found in the Opinion and Order addressing Defendants' Motions for Summary Judgment, Plaintiff has asserted no claim under RESPA.  However, the Court is not prepared at this stage to completely preclude at trial any references to the provisions of RESPA which may possibly be used to support other non-RESPA claims asserted by Plaintiff.